IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:13-CR-120 |
| v. | ) | (VARLAN/GUYTON) |
| | ) | |
| DAVID PARTON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and by Order of the

District Court [Doc. 16] for disposition or report and recommendation regarding disposition by

the District Court as may be appropriate. This case came before the Court on February 23, 2015

for disposition of the Defendant's Motion to Continue [Doc. 15]. Assistant United States

Attorney Cynthia Davidson appeared on behalf of the Government. Attorney Paula Voss

represented Defendant Parton, who was present.

The Court finds the Defendant's Motion to Continue [Doc. 15] to be well-taken and that

the ends of justice served by granting a continuance outweigh the interest of the Defendant and

the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The trial is currently set for February

24, 2015 at 9:00 a.m. before Chief District Judge Thomas A. Varlan. Defense counsel requires

additional time to meet with her client and to file a motion to suppress evidence. Defense

counsel asserts that Defendant suffered a serious motorcycle accident in October of 2013, which

has impacted his memory and made it difficult for defense counsel to effectively and timely

communicate with her client. The Government issued no objection to the Defendant's Motion

during the hearing. Therefore, the Court finds that Defendant could not be ready for trial by

1

February 24, 2015, or in less than five months. Thus, the Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare for trial despite her use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendant's Motion to Continue [**Doc. 15**] is **GRANTED**. The trial of this matter is reset to **June 9, 2015**. The Court also finds that all the time between the **February 23, 2015** hearing and the new trial date of **June 9, 2015**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(7)(A)-(B). The Court set a final pretrial conference for **June 2, 2015 at 11:00 a.m.** This date shall also be the deadline for concluding plea negotiations. Defense counsel requested and was granted a new motion deadline of **February 27, 2015**. Responses to motions are due on or before **March 13, 2015**. The Court instructs the parties that all motions *in limine* must be filed no later than **May 26, 2015**. Special requests for jury instructions shall be submitted to the District Judge no later than **June 1, 2015**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED:**

(1) The Defendant's Motion to Continue [**Doc. 15**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **June 9, 2015, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the **February 23, 2015** hearing and the new trial date of **June 9, 2015**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) A new pre-trial conference date is set for **June 2, 2015 at 11:00 a.m.**;

(5) The deadline for concluding plea negotiations is **June 2, 2015**;

(6) The new motion deadline is **February 27, 2015** and responses to motions are due on or before **March 13, 2015**;

2

(7) Motions *in limine* must be filed no later than **May 26, 2015**; and

(8) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **June 1, 2015**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge